# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| JOHNNIE ANGEL MARTINEZ,<br><br>                            Petitioner,<br>  vs.<br>WILLIAM J. SULLIVAN, Warden,<br><br>                            Respondent. | CASE NO. 1:06-cv-00513-MLH<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

      On April 16, 2007, Johnnie Angel Martinez ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his state voir dire and sentencing enhancements. (Doc. No. 1.) Respondent filed an answer to the Petition on April 17, 2008. (Doc. No. 18.) On September 24, 2008, Petitioner filed a traverse. (Doc. No. 30.)

      For the reasons set forth below, the Court DENIES the Petition.

///
///
///
///
///

## Background

### A. Procedural History

On October 27, 2003, a Kern County Superior Court jury found Petitioner guilty of three counts of first-degree murder, one count of attempted first-degree robbery, one count of first-degree burglary, one count of false imprisonment, one count of conspiracy to commit first-degree robbery, and one count of possession of a firearm by a felon. (Clerk's Transcript (CT) at 393-424.) The jury also found true five overt acts relating to the conspiracy count, including that Petitioner and his co-conspirators obtained and used disguises during the commission of the crime. (CT at 417-422.) The jury further found that Petitioner personally used a firearm for purposes of Cal. Penal Code § 12022.5(a)(1), and that Petitioner personally and intentionally discharged a firearm causing death to another person for purposes of Cal. Penal Code § 12022.53(d). (CT at 393-424.) On December 3, 2003, the trial court sentenced Petitioner to life without possibility of parole, plus 95 years to life, plus a determinate term of 16 years. (CT at 437-45.) The sentence included an upper term on three gun use enhancements pursuant to Cal. Penal Code § 12022.5(a)(1), as well a 25 years to life gun enhancement pursuant to Cal. Penal Code § 12022.53(d). (CT at 437-45.)

On March 16, 2005, the California Court of Appeal affirmed Petitioner's conviction and sentence. (Lodgment 8 at 1.) On April 14, 2005, Petitioner filed a petition for review with the California Supreme Court. (Lodgment 9.) On May 18, 2005, the California Supreme Court denied the petition for review. (Lodgment 10 at 1.)

### B. Factual History

The state appellate court summarized the relevant facts as follows:

> In the early morning hours of May 9, 2002, Corrine Foster and her boyfriend, Michael Miranda, were at home. Miranda usually carried a gun. Defendant, Johnny Rodgers and Armando Meza arrived at the home. They were armed with guns and wearing masks. They came into the home. One of the intruders tied up Foster and held a gun to her head. The intruder asked where the money was located. Foster

was pulled into another room. She heard gunfire erupt and people leaving. She called 911. Police arrived. Miranda and Meza were fatally wounded. Rodgers's dead body was found in a truck parked near the highway.

(Lodgment 8 at 2.)

**C.      The Habeas Petition**

On April 16, 2007, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state voir dire under the Equal Protection Clause of the Fourteenth Amendment and the Sixth Amendment, and the sentencing enhancements under Blakely v. Washington, 542 U.S. 296 (2004). (Doc. No. 1.)

## Discussion

**A.      Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2254(d) to provide the following standard of review applicable to state court decisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

///
///
///
///

To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). The United States Supreme Court has stated that a federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1) if the state court either (1) "arrives at a conclusion opposite to that reached by this Court on a question of law" or (2) "decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 403 (2000). A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 412-13. Where there is no reasoned decision denying a petition for habeas corpus from the state's highest court, the federal court "looks through" the unexplained decision to the last reasoned decision of a lower state court. See Ylst. V. Nunnemaker, 501 U.S. 797, 801-04 (1991).

**B.    Petitioner's Equal Protection/Sixth Amendment Challenge**

The Equal Protection Clause of the Fourteenth Amendment guarantees that the State will not exclude prospective jurors from a jury for the reason that the jurors and the defendant are members of the same race. See Batson v. Kentucky, 476 U.S. 79, 86 (1986). The Sixth Amendment protects an individual's right to a trial by jury of his peers. See id.

In Batson, the U.S. Supreme Court set forth a three-step analysis for evaluating whether a prosecutor engaged in racial discrimination during the jury selection process: (1) the defendant must establish a prima facie case of purposeful discrimination by the prosecutor, (2) if such a showing is made, the State must then provide neutral explanations for challenging the jurors, and (3) the trial court must then determine whether the defendant established purposeful discrimination. See id. at 93-98.

If the defendant establishes a prima facie case, the prosecutor may not meet his burden by simply "denying that he had a discriminatory motive or by merely affirming his good faith." Purkette v. Elem, 514 U.S. 765, 769 (1995). The prosecutor's proffered reasons do not have to be "reasonable, or even plausible," to be race neutral. Id. at 767-68.

/ / /

1  A legitimate reason for excusing a juror is "not a reason that makes sense, but a reason that
2  does not deny equal protection." Id.

3  The trial court found the prosecutor's reasons for excusing the jurors in question to
4  be race neutral under People v. Wheeler, 22 Cal.3d 258 (Cal. 1978), the state corollary to
5  Batson. (Lodgment 8 at 11.) The California Court of Appeal thoroughly reviewed the
6  prosecutor's reasons for excusing each juror and affirmed the decision of the trial court.
7  (Lodgment 8 at 11.) Petitioner agrees that the reasons are facially race neutral. (Lodgment
8  8 at 11.)

9  In the final step of the Batson analysis, the trial court weighs the persuasiveness of
10 the prosecutor's justifications for excusing the jurors in question. See Purkette, 514 U.S. at
11 768. The trial court's decision on purposeful discrimination is a finding of fact.
12 See Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). "A determination of a factual
13 issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).
14 Petitioner has the burden of rebutting this presumption of correctness by clear and
15 convincing evidence. Id.

16 Petitioner has not shown that the prosecution engaged in purposeful discrimination.
17 A state court's finding that there was no discriminatory intent "represents a finding of fact
18 of the sort accorded great deference." Hernandez v. New York, 500 U.S. 352, 364 (1991).
19 The trial court found that the prosecutor "articulated facts relative to excusing jurors that
20 are independent of any race, [and] sufficiently articulated those that would warrant his
21 excusing the jurors based on the reasons he has stated." (Lodgment 8 at 9.) The trial court
22 therefore ruled that the prosecutor did not "exceed[] the restrictions set up by Wheeler and
23 the other cases, based on his articulated facts." (Lodgment 8 at 9.) The California Court of
24 Appeal affirmed the trial court's decision stating that the defendant failed to prove
25 purposeful discrimination.

26 The Court concludes that the state courts adequately evaluated Petitioner's motion
27 under the state constitutional standards, and that the Petition fails to show a federal
28 constitutional deprivation. The Court therefore concludes that the California Court of

1  Appeal's decision affirming the lower court's ruling that the prosecutor did not engage in
2  purposeful discrimination during jury selection was neither contrary to, nor an
3  unreasonable application of, clearly established federal law and no further evaluation is
4  warranted by this Court.

### C. Petitioner's Challenge to Imposition of Upper Term for Gun Enhancements

A statutory maximum is "not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely v. Washington, 542 U.S. 296, 303-04 (2004). Petitioner argues that the imposition of the upper term on the gun enhancements violates his right to a jury trial under Blakely because it resulted in a sentence above the maximum statutory term without requisite findings by the jury. The Court disagrees due to the jury's specific findings in this case.

Here, the jury made specific findings relating to the gun use enhancements. In regard to Petitioner's conspiracy count, the jury found true all five of the alleged overt acts. (CT at 417-23.) Two of the five alleged over acts found to be true were that the defendant disguised himself and disguised the license plate of the car involved in the crime. (CT at 417-23.) Based on the jury's findings, the trial court imposed the upper term for three gun use enhancements pursuant to Cal. Pen. Code § 12022.5(a)(1). Petitioner argues that the findings relating to the overt acts are not sufficient under Blakely.

In rejecting Petitioner's Blakely claim, the California Court of Appeal concluded that "imposition of the aggravated term on the gun use enhancements was based on a factor found unanimously by the jury beyond a reasonable doubt and does not run afoul of the rules set forth in Blakely." (Lodgment 8 at 14.) The Court of Appeal further stated "We fail to see how disguising oneself and one's getaway vehicle can be interpreted as anything other than planning."[1] (Lodgment 8 at 13.) In other words, the jury's findings were the "equivalent of a finding of the aggravating factor of planning." (Lodged 8 at 13.)

---

[1] California Rules of Court, Rule 4.421 provides the following as an aggravating factor: "The manner in which the crime was carried out indicates planning, sophistication, or professionalism."
Cal. Ct. R. 4.421.

1  The Court agrees that the jury's findings relating to the overt acts constitute
2  unanimous findings beyond a reasonable doubt sufficient for the trial court's imposition of
3  the upper term sentences.  The Court therefore concludes that the Court of Appeal's ruling
4  was not contrary to, nor an unreasonable application of, clearly established federal law.

**Conclusion**

For the reasons stated above, the Court DENIES Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court also denies a certificate of appealability.

IT IS SO ORDERED.

DATED: February 10, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record.